IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

F I L E D

Apr. 15, 2026

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

RUSSELL ROBINSON,
     Petitioner,

v.

WARDEN J. BIENEMY,
     Respondent.

Civil No. 3:25cv589 (DJN)

## MEMORANDUM OPINION

Russell Robinson, a federal prisoner proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), challenging the execution of his sentence. Specifically, Mr. Robinson asserted that:[1]

Claim One    The Federal Bureau of Prisons ("FBOP" or "BOP") "is not adhering to the Sentencing Court's directives as to how to collect the $10,000 fine . . . ." (ECF No. 1 at 6.)  The Bureau of Prisons "changed/overruled the Judgment in a Criminal Case, to make the payment of the fine to be $400.00 per month, rather 10% of the gross funds EARNED IN THE FBOP." (*Id.* at 7.)

Claim Two    The FBOP is refusing to award Mr. Robinson credits under the Fair Sentencing Act ("FSA"). (*Id.*)  Specifically, Mr. Robinson complains, "[t]he FBOP refused to calculate the FSA[] earned time credits [("ETCs")] from November 30, 2021 to December 6, 2021, then from June 5, 2023 to November 5, 2024 . . . ." (*Id.*)

By Memorandum Opinion and Order entered March 5, 2026, the Court denied the § 2241 Petition and dismissed Mr. Robinson's claims. (ECF No. 29, 30.)  On March 19, 2026, the Court received Mr. Robinson's Motion to Amend Judgment. (ECF No. 31.)  This Motion will be considered a motion under Federal Rule of Civil Procedure 59(e), ("Rule 59(e) Motion," ECF

---

[1]    The Court employs the pagination assigned by the CM/ECF docketing system.  The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions.  The Court omits any secondary citations from the parties' documents.

No. 31). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Mr. Robinson's insists that the Court made a clear error of law when it concluded that he was not entitled to ETCs under the FSA that he seeks here. The Court noted:

> In Claim Two, Mr. Robinson contends that his rights under the FSA are being violated, because Respondent refuses to award him ETCs for activities he engaged in while in pretrial confinement and for placing him in opt-out status due to the fact that the BOP does not have a record of him completing the SPARC-13. As explained below, Mr. Robinson is incorrect. Prior to the commencement of his federal sentence, Mr. Robinson possesses no entitlement to earned time credits under the FSA. Further, the BOP appropriately placed him in opt-out status based on his refusal to take or retake the SPARC-13.
>
> . . . .
>
> Numerous courts have concluded that it is appropriate for the BOP to find that an inmate cannot successfully participate in [Evidenced Based Recidivism Reduction ("EBRR")] programs or [Productive Activities ("PAs"] to earn FSA time credits until they complete the SPARC-13 following sentencing. *See Francoeur [v. Warden of Fed. Med. Ctr. Devens*, No. CV25-12381-MPK], 2025 WL 3158004, at \*5 [(D. Mass. Nov. 12, 2025)] (approving of the conclusion that the "BOP cannot assign EBRR or productive activities based on a prisoner's specific criminogenic needs — which is required by the FSA — until BOP is able to assess those needs by reviewing the completed self-assessment surveys"); *Dane v. Bayless*, No. 5:24-CV-157, 2024 WL 5150683, at \*5 (N.D. W. Va. Nov. 20, 2024) ("As in *Stevens*, the BOP had not yet conducted an assessment to determine the type and amount of

2

programming appropriate for petitioner until he arrived at his designated facility, and as such petitioner could not, in fact, successfully participate in programming."), *report and recommendation adopted*, No. 5:24-CV-157, 2024 WL 5150650 (N.D. W. Va. Dec. 17, 2024) . . . .

(ECF No. 29 at 8–9, 12) (footnote omitted). Mr. Robinson fails to direct the Court to any binding precedent that demonstrates that Court made a clear error of law. Accordingly, the Rule 59(e) Motion (ECF No. 31) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Mr. Robinson.

_____/s/_____

David J. Novak
United States District Judge

Richmond, Virginia
Dated: April 15, 2026

3

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

RUSSELL ROBINSON,
    Petitioner,

v.
                                    Civil No. 3:25cv589 (DJN)

WARDEN J. BIENEMY,
    Respondent.

## ORDER
### (Denying Rule 59(e) Motion)

In accordance with the accompanying Memorandum Opinion, it is hereby ORDERED that Petitioner Russell Robinson's Rule 59(e) Motion (ECF No. 31) is DENIED.

Mr. Robinson is advised that he has the right to appeal the decision of the Court. Should he wish to do so, a written notice of appeal must be filed with the Clerk of the Court within sixty (60) days of the date of entry hereof. Failure to file a written notice of appeal may result in the loss of the right to appeal.

Let the Clerk file a copy of the Final Order electronically and send a copy to Mr. Robinson.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Dated: April 15, 2026